Good morning and may it please the court. My name is Jeffrey Ellis. I'm here for the appellant Mr. Nguyen. I'll reserve whatever time remains on the clock at natural breaking point and if I run out so be it. This case involves a question of whether Mr. Nguyen's time to seek habeas review ran out and specifically it raises the question of whether the expiration of the time for seeking review from Mr. Nguyen's direct appeal applies. Whether he's entitled to the 30 days to seek an appeal from his resentencing or not. So I think we need to start with the resentencing hearing that took place. Mr. Nguyen filed a direct appeal after he was convicted and on direct appeal the Washington courts affirmed his conviction but remanded specifically to vacate one of the counts, count five of the conviction. And so the case was then remanded for a new sentencing hearing. At that sentencing hearing the court went further than the mandate of the Court of Appeals. The court exercised its discretion and not only vacated count five but also vacated count seven. And I would suggest to you that the additional discretion exercised by the sentencing court in dismissing count seven as well as count five shows that the court had discretion at that hearing. Well either that or it made an error. Yeah, exactly. I mean it seems like this is really a Kilgore case. They remanded it, say this is what you're supposed to do and there was no room for discretion. Why the trial court did what it did I don't know. Well let's start with Kilgore and I think it's important to point out that Kilgore is about finality for purposes of where it references Washington Rules of Appellate Procedure 2.2 which says that a defendant has a right to appeal from a final judgment. Skillstead on the other hand, another Washington case, defines a final judgment as the resentencing. And so in this particular case what we have is we have a amended judgment that vacates two counts and therefore imposes a new judgment. What's the effect on the defendant to, I mean what, there would be no reason for a defendant to appeal the dismissal of counts of conviction would there? Well there would certainly be no reason for him to appeal but it what it illustrates is that the court had discretion at that hearing. How does it illustrate that? Well because the direction is to vacate a count. Well what discretion is involved in that? Well there's no discretion in the vacation of the count. The question then becomes whether by vacating the count the court should revisit its original sentence. So there's discretion about whether the court should revisit its sentence because instead of a count of conviction this is a count that's being dismissed. But I thought there was Washington case law that says if the court basically decides not to revisit the sentencing that that's not appealable. I think Washington, I think you need to read the Washington cases very closely and I do think that they're confusing. I don't think they depart that much from the federal standard of whether the remand is for a minister. I think Washington case law is different from Ninth Circuit case law. That's pretty clear to me in reading the cases. Well I think Kilgore certainly, Kilgore sets finality for purposes of retroactivity. No, no frankly no different than the federal cases set them. I think in some respects. I still am looking for an answer to the question I asked you a couple minutes ago, which is if it inerred to his benefit there's nothing left to appeal at that point. It is final for all practical purposes because why would he appeal? Even if the Superior Court erred and struck more than one count it's still to his benefit. Certainly he would have no reason to go back and say that Mr. Nguyen didn't file an appeal. That's not an error. He had no particular reason to file the appeal. It's not a failure to exhaust for purposes of AEDPA. So there may have been other issues that happened at this sentencing. And that's why I keep looking for what other issues. The difficulty is we don't have the record from sentencing. But he's seeking habeas relief. It's his how he was prejudiced and why he actually had a basis to appeal but for whatever reason chose not to and let the timer run out. Well it seems to me the dividing line is not whether he would have a meritorious appeal. The question is not whether he has any appeal at all. Right and it seems to me that the dividing line there is whether the remand order is for merely a ministerial act. In other words, all you can do is vacate count seven. You can't change or excuse me. It was merger was it not? It was because of merger. And why I'm maybe I'm overly speculating here but it looked to me like probably what happened was the Superior Court decided that both counts would merge into the more serious count and therefore perhaps being overly generous to your client struck two counts instead of one because they were merged. That that may be the case but I still think it shows that the court felt it could exercise discretion above and beyond what the mandate. But it didn't reopen the sentencing. It didn't reconsider the sentence that it had imposed. It didn't reimpose the sentence. It just all it did was strike two counts. And and the question I think this court posed it correctly in Colvin and I and I do think that the the differences between the Washington state system and the federal system are not that profound. But in Colvin this court said at the very least one could appeal the the decision of whether the mandate left any discretion. That's a federal that's the I mean I I look at Kilgore and you keep saying well it's only for a certain purpose but it talks about where basically where cases remanded and the trial court is basically there's one or more counts reversed and that's all that happens in the trial court. Nothing appealable. Colvin is a federal case and that's a different issue. We really have a very different scheme than Washington State don't we? Well I don't think we do and I think perhaps the best way to answer that question is to certify a question to the Washington Supreme Court and ask about criminal rule 2.2 and whether Mr. Nguyen would have the right to appeal because I think Kilgore is drawing a much different line. It's drawing the line of finality for purposes of retroactivity and it's indicating that finality attaches at the time essentially the case becomes final in the Washington Supreme Court not several years later when he's resentenced. Mr. Ellis how do you square your position the argument you just made with the language in Kilgore and I'm looking at 167 Washington 2nd at looks like page 40 and 41. When on remand a trial court has the choice to review and new judgment and sentence or to simply correct and amend the original judgment and sentence that choice itself is not an exercise of independent judgment by the trial court. I read that language as being directly contrary to our rule in federal criminal cases articulated in Colvin. And I would simply answer again I know I'm sounding a bit like a broken record at this point that the court did actually exercise its discretion at this resentencing. There are other Washington cases. The language in Kilgore says it goes then goes on to say there's no appeal. I think what Kilgore is talking about is is not that there is no right to appeal but that an appeal would not be meritorious because again I think Kilgore does not cite criminal rule of appellate procedure 2.2 which deals with the right to appeal and what I suggest Kilgore is doing is ask is answering the question of whether an appeal would be meritorious. How do you square that position with the language again in Kilgore at page 43 the fact that the trial court had discretion to re-examine Kilgore's sentence on remand is not sufficient to revive his right to appeal. Well I think what it means is that if he appealed that issue that he would be unsuccessful that it was not an abuse of discretion. But under your theory there's always an appeal. In other words you can appeal and lose so there's always an appeal. So that's basically the theory that you're arguing. My theory is that there always is in a right to appeal from a final judgment and what Skillstead defines as a final judgment under 2.2. Skillstead is a timeliness question not a finality retroactivity question. What Skillstead defines as a final judgment is that new sentence which is the sentence that is imposed or the order that is imposed amending the judgment and vacating two of the remaining time. I'll save all 38 seconds. Thank you. May it please the court. John Sampson assistant attorney general for the respondent. The order issued by the Superior Court amending the judgment was a final order but there was no right to appeal. Petitioners counsel repeatedly has used the phrase no reason to appeal but the key point is there was no right to appeal. So why did the Superior Court strike that second count? Your honor I'm not entirely sure it may have been an error but it also may have been I was looking back at the original judgment and sentence on excerpts of record page 25 and it appears that he was never even sentenced on count seven which was the count of felony. Let me ask this. You say it may have been an error. If it was an error the state could have appealed if it was prejudicial to the state right? Because it wouldn't be on the mandate? I would submit no your honor. They couldn't appeal? I would submit for the following reason. There was no aggrievement that neither party was aggrieved by the dismissal of count seven because again looking at the original judgment and sentence it does not appear that he was ever actually sentenced on count seven on page five which is set forth in excerpts of record page 25. It appears that he was only sentenced for counts one two. All right that would be a different reason for not being well that's a that's a reason why the defendant couldn't be appealed. He was not aggrieved by that I'll say the action beyond the beyond the mandate but putting aside that whether you're aggrieved or not which is a different ground in terms of the finality of the judgment the state could appeal that right? Because the trial court wouldn't went beyond the direction of the appellate court. Again I would say no your honor because the sentence itself never changed and the sentence had already been affirmed by the Court of Appeals and that sentence was a was an exceptional sentence that ran all the sentences concurrent for a total of 240 months. What if the trial court on remand had gone beyond the narrow scope and done something that didn't change the sentence but potentially disadvantaged defendant down the road let's say in counting convictions or something like that added on something. Would that be appealable or not? If the trial court let's say the court reinstated a reinstated account but changed left the sentence exactly the same and also did what the appellate court said vacate such-and-such. I think in that situation then there would be a right to appeal if there was for instance if the if the court reinstated a conviction that it had previously dismissed and therefore there was an additional criminal history that could be used that possibly I would agree in that situation there could be a right to appeal potentially. So what's the dividing line then between when the trial court exceeds the narrow remand and when when that results in something that is a right to appeal or not a right to appeal because you have a new final judgment? It would be an action that goes beyond the scope of the actual remand and that would actually affect a substantial right of a one of the parties. So at the very least any judgment on remand that merely carries out the direction of the remand is not appealable. That is my understanding. That's correct your honor because there is no new issue that could be raised again on appeal. It goes goes beyond the scope of the remand in the kind of case Judge McEwen suggested then if the party can appeal. If the party is aggrieved and it affects a substantial right. Either side. If either side is. By that you know extra mandate action. Yes your honor. But but the first the primary inquiry the first inquiry is is what the mandate directs and whether or not the action of the trial court is within the scope of the remand. And if it is that's the end of it. Yes your honor. There's no discretion because there's no discretion in carrying out that order. That's correct your honor. And the the next step would be if there was some action taken by the trial court beyond the mandate of the appellate court did that affect a substantial right and that's the case in State versus Campbell where after the conviction and sentence of death was affirmed by the Washington Supreme Court the trial court issued the death warrant. And then here as Judge Talman suggested if the extra mandate action hadn't had any effect at all it's probably favorable to the defendant. I mean it wasn't adverse. It didn't aggrieve the defendant. And I would I would I would agree with that it certainly did not agree with the defendant and it really had no effect whatsoever because it did not affect the sentence. It did not affect any of the conditions imposed by the judgment and sentence. And for that reason there was no substantial right affected. There was no aggrieved party. There was no issues to be further repealed and the judgment became final on that date. With this I'm looking at Kilgore citing to Barbieri and it talks about corrective changes. Would that be a That may be your honor. Yes. I don't know what they mean. They say where they have only corrective changes and they're talking back to the case of Barbiero but this has been quoted in Kilgore. And that may be such as there are times when there's a clerical error that needs to be corrected and that may be what the court is referring to and that might be the instance in this case. Counsel is right we do not have the transcript of the hearing so we don't know exactly why the judge did what he what he or she did in this case. But again it did not affect a substantial right. There was no aggrieved party. At most it was carrying out what the Court of Appeals had directed and therefore there was no right to appeal because the judgment became final no later than the date of entry of that order the statute of limitations expired before the petition was filed. We'd ask the court unless there's further questions I'd ask the court affirm the district court's judgment. Thank you. Thank you. Thank you. I'm gonna give you a minute because it's hard to say anything in 30 seconds. Kilgore is concerned with Washington Rule of Appeal 2.5 and 2.5 deals with the scope of review. It asks what issues the court would actually consider on the merits when an appeal is filed. I suggest we need to back up to 2.2 which is the right to appeal and the way these two work in concert is 2.2 defines when you have a right to appeal. 2.5 defines what issues the court would actually consider and Kilgore is saying we're not going to consider under 2.5 the review and skill stat. When it uses the term revive the right to appeal that does sound to me to be a decision by the Washington Supreme Court as to when those procedural rules may be invoked. Well that would be true if it ever cited to 2.2 but it consistently cites to 2.5. I would agree that the language could be much clearer which is in part why I'm suggesting that perhaps certifying this question to the Washington Supreme Court is appropriate. My only fear in doing that is that we're likely to get a response that says please read our decision in Kilgore. And I would only ask that you read the decision in skill stat because I don't think they particularly line up. I agree that that Kilgore certainly has language that is against my position. Thank you very much. Thank you. Appreciate the arguments of both counsel this morning. Nguyen versus Sinclair is submitted. Our next case for argument is Cuneo.
judges: Tashima, McKeown, Tallman